LINCOLN TELEPHONE & TELEGRAPH COMPANY, APPELLANT, v. T. E. SMITH, APPELLEE.

FILED OCTOBER 9, 1931. No. 27800.

*Woods, Woods & Aitken* and *Pitzer & Tyler*, for appellant.

*Andrew P. Moran, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is a proceeding under the workmen's compensation law. The Lincoln Telephone & Telegraph Company, plaintiff, filed with the compensation commissioner a petition for the determination of a controversy with T. E. Smith,

former employee and defendant, over compensation for injuries. Smith had been employed by plaintiff as a janitor in the interior of the office building of plaintiff at Nebraska City. He claimed that, while there performing duties of his employment, he fell down a stairway, December 7, 1929, and suffered injuries resulting in permanent disability. There was a hearing before the compensation commissioner, who made findings that Smith was totally disabled as a result of the accident; that, following his injury, plaintiff paid him his regular wages for 13 weeks and thereafter $11.48 a week until May 31, 1930; that he is entitled to compensation of $11.48 a week until May 31, 1930; that he is entitled to compensation of $11.48 a week from June 1, 1930, during total disability. From an order requiring payments according to the finding of the compensation commissioner, plaintiff appealed to the district court, where the same compensation was awarded. From the judgment of the district court, plaintiff appealed to the supreme court.

On appeal, plaintiff contends that Smith did not have an accident, that he was not injured, and that in any event he is not now disabled. On the issue of an accident there is little room for controversy. Direct evidence and circumstances not in dispute make the preponderance of the evidence clear. Smith was in the employ of plaintiff from June 3, 1929, until December 7, 1929. On the latter date, while performing duties of his employment as janitor, he was mopping the second floor at the top of a stairway in plaintiff's telephone building at Nebraska City. A night operator testified in effect that she heard a bucket falling down the stairs and immediately found Smith "in a heap" on the landing below, apparently unconscious. Other employees carried him up the stairs to a lounge in a reception room. Plaintiff's local physician was called and made an examination. As directed by him, Smith was carried to an ambulance and taken in it to a hospital where a more thorough examination aided by X-rays was made. The same physician put Smith's back in a cast. The patient remained in the hospital until December 30, 1929. Pur-

suant to directions of the local physician and plaintiff's physicians in Lincoln, the cast was replaced by a brace. Plaintiff paid the hospital expenses, the fees of the physicians, Smith's wages for 13 weeks and thereafter $11.48 a week until June 1, 1930. Evidence of the facts outlined is a sufficient proof of an accident within the meaning of the workmen's compensation law. The statement and views heretofore expressed are not original with the writer, but are adopted as his own and full responsibility accepted for them.

The nature and extent of a compensable injury, if any, presents a more difficult problem. Plaintiff resisted the allowance of compensation on the additional grounds, in substance, that Smith, when found on the landing of the stairway, feigned unconsciousness and injury to his back and resulting pain; that he was and is a malingerer, pretending illness and inability to work; that there was no compensable injury to his back; that his spine is normal except for the effect of a moderate degree of osteoarthiritis in 1925, due to inflammation, and not to any accident, but forming new bone in the fourth lumbar vertebra, there being no material change since then; that any present weakness of the spine is due to lack of exercise, to malingering, to unnecessary medical attention, and to the continued use of a brace; that hospital care and treatment by physicians in the employ of plaintiff were precautionary measures prompted by Smith's unwarranted complaints of injury and the difficulty of ascertaining the exact nature of peculiar injuries to the spine.

Plaintiff adduced evidence in support of all these defenses. There is testimony tending to prove that Smith, during the evening of December 6, 1929, was told that his work as janitor was unsatisfactory and would have to be improved, and that this warning was offensively resented. The evidence of physical injury and the extent thereof is not sufficient to establish defendant's disability. Smith himself does not testify to any symptoms indicating such disability. He describes the hospitalization, the medical treatment given him, and states that at the time of the

hearing he was unable to work. The expert witnesses who examined him all agree that in arriving at their opinion they would be influenced by the history of the case and the statement of the defendant as to physical facts. But the defendant does not testify as to any pain, or any other. fact, which would tend to prove disability. The testimony of the defendant himself is insufficient to support a finding of disability.

Expert witnesses who treated Smith, after plaintiff declined to provide further medical services, and who made physical examinations and studied X-ray pictures, testified that in their opinion there was a degeneration or fracture of the fourth lumbar vertebra; that by their direction Smith was still wearing a brace at the time of the trial, November 13, 1930. There is, however, testimony of a large number of witnesses that the condition disclosed by the X-ray, upon which the defendant's witnesses based their opinion as to disability, was present in 1925. At that time he made a lump sum settlement with a former employer on the basis of a 25 per cent. disability. It is undisputed that Smith worked without difficulty at hard labor for a long period after making settlement for that injury. The X-ray pictures indicate that the condition of the fourth lumbar vertebra is now practically the same. Therefore, the condition of the fourth lumbar vertebra as shown by the pictures does not present physical disability subsequent to June 1, 1930.

The experts for the defendant based their conclusions almost, if not entirely, upon the X-ray pictures, and the fact that he showed a definite evidence of limitation of motion, which involved the muscles of the back. Upon the question of limitation of motion, the evidence of the experts is in direct conflict. In such a case, the court obviously cannot accept both of the conflicting versions of expert medical testimony. Such testimony must be considered in connection with all the other evidence in the case, as an aid to the court in arriving at a just determination. *Christoffersen v. Weir*, 110 Neb. 390. The better view of the evidence in this case is that the defendant,

at the time of the trial, had no disability as a result of the accident in 1929. In reaching this conclusion, we are impressed with the fact that in 1926 defendant received compensation for 25 per cent. permanent disability based upon almost identical symptoms, and that thereafter he did the hardest kind of labor; that, if there is any disability shown by the X-ray, it was present at that time and has already been compensated.

The judgment of the trial court is reversed and the case dismissed.

REVERSED AND DISMISSED.